UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STYLIANOS MANOLAKAKIS,

Plaintiff,

-v-

ALEJANDRO MAYORKAS, in his official capacity as Secretary of Homeland Security, et al.,

Defendants.

22cv4620 (DLC)

OPINION AND ORDER

APPEARANCES:

For the plaintiff:
The Masliah Firm, PC
Noemi E. Masliah
225 Broadway, Suite 2100
New York, NY 10007

For the defendants:
United States Attorney's Office SDNY
Joshua Samuel Press
86 Chambers St.
New York, NY 10007

DENISE COTE, District Judge:

Stylianos Manolakakis brings this action against Secretary of Homeland Security Alejandro Mayorkas, the Director of U.S. Citizenship and Immigration Services ("USCIS") Ur M. Jaddou, the District Director of the USCIS New York Field Office,[1] and Attorney General Merrick Garland (collectively, the "Defendants"), all in their official capacities. Manolakakis

[1] The plaintiff does not name this individual in his complaint.

claims that the Defendants violated the Constitution, the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 et seq., and the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 et seq., and requests declaratory and mandamus relief. The Defendants moved to dismiss this action on September 15, 2022. For the following reasons, the motion to dismiss is granted.

The following facts are drawn from the complaint and the documents upon which it relies. For the purposes of deciding this motion, the plaintiff's factual allegations are accepted as true, and all reasonable inferences are drawn in the plaintiff's favor.

Manolakakis has been a lawful permanent resident in the United States since 2013. When he was applying for lawful residence, he intended to file an I-601 Application for Waiver of Grounds of Inadmissibility ("I-601") due to his previous unlawful presence in the United States. The officer conducting Manolakakis's interview told him that he did not have to file the I-601 and did not accept the form. Manolakakis was granted conditional residence for two years on December 2, 2013. He filed an application for naturalization on March 14, 2017, and his application was approved pending the oath ceremony on July 26. His oath ceremony was later cancelled, and on August 31, Manolakakis received a notice that USCIS was reopening his naturalization application due to his previous unlawful presence

having not been waived. He responded to the reopening on September 13, but on January 6, 2020, USCIS denied his application for naturalization and issued a Notice to Appear in removal proceedings, which are currently pending. Manolakakis, through counsel, filed a Form N-336 Request for a Hearing on a Decision in Naturalization Proceedings ("N-336") on February 12, 2020, that included as evidence his previously prepared, but not filed, I-601. The request was rejected on April 3. Counsel filed the request again on April 24, and the evidence in support of the request -- the I-601 -- was rejected on May 14. Counsel filed the request again on April 7, 2021, and has yet to receive a response.

Manolakakis filed this action on June 7, 2022, claiming that the Defendants' practices violated the Fifth Amendment of the Constitution; that Defendants failed to discharge their duties under the INA; that Defendants violated the APA by not deciding his N-336 within a reasonable time, 5 U.S.C. §§ 555, 706(1); and that the failure of Defendants to decide his N-336 is unlawful as an arbitrary and capricious agency action, id. § 706(2)(B). Defendants moved to dismiss the complaint on September 15 under Rules 12(b)(1) and 12(b)(6), Fed. R. Civ. P. Manolakakis did not file an opposition by the deadline set by a September 16 Order. Accordingly, the motion is fully submitted.

When a Rule 12(b)(1) motion is made solely based on the allegations in the pleading, the "task of the district court is to determine whether the [p]leading alleges facts that affirmatively and plausibly suggest" that subject-matter jurisdiction exists. Carter v. HealthPort Tech., LLC, 822 F.3d 47, 56 (2d Cir. 2016) (citation omitted). In making this determination, the court must "accept as true all material factual allegations of the complaint and draw all reasonable inferences in favor of the plaintiff." Lacewell v. Off. of Comptroller of Currency, 999 F.3d 130, 140 (2d Cir. 2021) (citation omitted). To survive a motion to dismiss for failure to state a claim, the complaint "must plead enough facts to state a claim to relief that is plausible on its face." Green v. Dep't of Educ. of City of New York, 16 F.4th 1070, 1076-77 (2d Cir. 2021) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "In determining if a claim is sufficiently plausible to withstand dismissal," a court "accept[s] all factual allegations as true" and "draw[s] all reasonable inferences in favor of the plaintiffs." Melendez v. City of New York, 16 F.4th 992, 1010 (2d Cir. 2021) (citation omitted). Nevertheless, a court is "not required to credit conclusory allegations or legal conclusions couched as factual allegations." Hamilton v. Westchester County, 3 F.4th 86, 91 (2d Cir. 2021) (citation omitted).

"[M]andamus is an extraordinary remedy, intended to aid only those parties to whom an official or agency owes a 'clear nondiscretionary duty.'" Escaler v. U.S. Citizenship & Immigr. Servs., 582 F.3d 288, 292 (2d Cir. 2009) (citation omitted). "A party who seeks a writ of mandamus must show a '"clear and indisputable" right' to its issuance." Id. (citation omitted). Similarly, "§ 706(1) [of the APA] empowers a court only to compel an agency 'to perform a ministerial or non-discretionary act,' or 'to take action upon a matter, without directing how it shall act." Benzman v. Whitman, 523 F.3d 119, 130 (2d Cir. 2008) (emphasis in original) (citation omitted). A § 706(1) claim "can proceed only where a plaintiff asserts that an agency failed to take a discrete agency action that it is required to take." Id. (emphasis in original) (citation omitted).

The complaint must be dismissed. Manolakakis asks the Court to, among other things, order the Defendants to schedule a hearing on his N-336 and declare that the Defendants violated the Constitution, the INA, and the APA. To the extent that Manolakakis's requests would require a court to grant relief regarding the pending removal proceedings, this Court is without jurisdiction to do so. "Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United

States . . . shall be available only in judicial review of a final order under this section." 8 U.S.C. § 1252(b)(9). Manolakakis's removal proceedings are pending, so there is no final order of removal. Even if there were, judicial review of final orders is limited to the "appropriate court of appeals." Id. § 1252(a)(5). Any constitutional challenges to the pending removal proceedings cannot be heard in this Court.

Manolakakis's claims regarding his N-336 must also be dismissed for failure to state a claim. "[N]o application for naturalization shall be considered by the Attorney General if there is pending against the applicant a removal proceeding . . . ." Id. § 1429. "[Section] 1429 clearly prohibits the Attorney General from making a final determination on naturalization while a removal proceeding is pending." Ajlani v. Chertoff, 545 F.3d 229, 238 (2d Cir. 2008). Here, Manolakakis has failed to state a claim under the APA and for mandamus relief because the Defendants are statutorily prohibited from considering his naturalization application while his removal proceedings are pending. The constitutional challenge to the delay in adjudicating the N-336 also fails, as such challenges should be made "through litigation to terminate unwarranted removal proceedings." Id. at 241.

## Conclusion

Defendants' September 15 motion is granted. The Clerk of Court shall enter judgment for the Defendants and close the case.

Dated: New York, New York
October 27, 2022

DENISE COTE
United States District Judge